**Polean K. WARE, Plaintiff–Appellant,**

v.

**Megan J. BRENNAN, Postmaster General, Defendant–Appellee.**

No. 14–1478.

United States Court of Appeals, Second Circuit.

June 9, 2015.

Polean K. Ware, pro se, Enfield, CT, for Plaintiff–Appellant.

Deirdre M. Daly, United States Attorney, District of Connecticut, Anne F. Thidemann, David C. Nelson, Sandra S. Glover, Assistant United States Attorneys, New Haven, CT, for Defendant–Appellee.

PRESENT: ROBERT D. SACK, PETER W. HALL, SUSAN L. CARNEY, Circuit Judges.

Appellant Polean K. Ware, proceeding *pro se,* appeals the district court's grant of summary judgment in favor of the Postmaster General with respect to Ware's claims of discrimination and retaliation under Title VII and the Age Discrimination in Employment Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* orders granting summary judgment and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,* 182 F.3d 157, 160 (2d Cir.1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On careful review of the record and relevant case law, we conclude that the district court properly granted summary judgment to the Postmaster General. We affirm for substantially the same reasons set forth by the district court in its thorough memorandum and order. We have considered all of Ware's remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of summary judgment.